## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Roy Campbell, *on behalf of himself and all others similarly situated,* <br><br> Plaintiff, <br> v. <br> Gap Inc., <br><br> Defendant. | Civil Action No.: 1:17-CV-0081 (TJM/ATB) <br><br><br> **CLASS ACTION COMPLAINT** |

For his Class Action Complaint, Plaintiff Roy Campbell, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Roy Campbell ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Gap Inc. ("Gap" or "Defendant"). Defendant knowingly and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Gap is a clothing retailer operating 3,300 stores across 90 countries.

3. Gap issues Gap-brand credit cards to consumers. When consumers fall behind in payments, Gap commences autodialing telephone numbers to collect the debts.

4. Gap inevitably calls old or bad numbers for its customers, resulting in unwanted autodialed calls being placed to unsuspecting consumers.

5. Gap fails to heed these consumers' requests that it cease placing calls to their cellular telephones. Gap's continued calls cause consumers great inconvenience and invasion of

1

privacy, in violation of the TCPA.

6. Plaintiff is one such consumer. He received automated calls featuring prerecorded voice messages from Gap on his cell phone. Plaintiff advised Gap that it was calling the wrong number and requested that Gap cease calling. Gap ignored Plaintiff's instruction and continued autodialing his cell phone. He brings this lawsuit on behalf of himself and like-situated consumers for Gap's straightforward violations of the TCPA.

## PARTIES, JURISDICTION AND VENUE

7. Plaintiff is and at all times mentioned herein was an individual person residing in Glen Falls, New York.

8. Gap is a Delaware corporation headquartered at 2 Folsom Street, San Francisco, California 94105.

9. This Court has subject matter jurisdiction under 28 U.S.C. §1331.

10. Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides here and received the subject calls here, thus a substantial part of the events giving rise to the claim occurred here.

## FACTS RELATED TO PLAINTIFF

11. In the last four years, Gap began placing automated telephone calls to Plaintiff on his cellular telephone at telephone number 518-XXX-8773.

12. Gap called Plaintiff from telephone number 888-248-3182.

13. Upon placing a call to telephone number 888-248-3182, the caller is greeted by an prerecorded voice which states: "This entire call will be recorded and monitored. Thank you for calling Gap Inc. Credit Services."

14. At all times mentioned herein, Defendant called Plaintiff's cellular telephone

using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1).

15. Upon answering a call from Gap, Plaintiff heard a prerecorded voice message indicating that the call was from Gap regarding the collection of a debt. There was no human representative to speak to on the incoming calls.

16. When Plaintiff did not answer Gap's calls, Gap left prerecorded/automated voice messages on Plaintiff's voicemail.

17. The voicemail included an automated voice which stated that the call was intended for someone named "Charmaine Thomas," a person unknown to Plaintiff.

18. Plaintiff returned one of Gap's calls, spoke to a live Gap representative, advised that Gap was calling his phone number in error as he was not "Charmaine Thomas," and instructed Gap to put his number on the 'do not call list' and to cease calling.

19. The live Gap representative acknowledged Plaintiff's request and stated that Gap would cease calling.

20. However, Gap continued to place automated calls to Plaintiff's cell phone.

21. Plaintiff does not owe a debt to Gap.

22. Plaintiff did not give his cell phone number to Gap or provide prior express consent to Gap to autodial it.

23. Moreover, Plaintiff expressly requested that Gap cease calling his cell phone, which Gap acknowledged but then ignored. Accordingly, the automated calls placed by Defendant to Plaintiff were in willful and knowing violation of 47 U.S.C. § 227(b)(1)(A).

24. Plaintiff was annoyed, frustrated, and inconvenienced by Gap's calls.

25. The telephone number called by Defendant was and is assigned to a cellular

telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

26.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## CLASS ALLEGATIONS

27.     Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following class:

> **(1) All persons in the United States (2) to whose cellular telephone number (3) Gap placed a non-emergency telephone call (4) using an autodialer or a prerecorded voice (5) within four years of the complaint (6) after said person had advised Gap or their vendor that the call was to a wrong number.**

28.     Plaintiff represents and is a member of the Class.  Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

29.     Plaintiff does not know the exact number of members in the Class, but based upon the size and national scope of Gap and the automated nature of the calls, Plaintiff reasonably believes that the Class numbers in the thousands.

30.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant.

31.     There are questions of law and fact common to the members of the Class which predominate over any questions that affect only individual Class members. Those common

questions of law and fact include, but are not limited to, the following:

      i.     Whether Gap engaged in a pattern of using an autodialer to place calls to cellular phones;

      ii.    Whether Gap had prior express consent to place the calls;

      iii.   Whether Gap ignored consumers' 'wrong number' instructions; and

      iv.   Whether Gap willfully violated the TCPA.

32. As a person who received automated telephone calls from Gap on his cellular phone without having given prior express consent, and who advised Gap to cease calling, Plaintiff asserts claims that are typical of the members of the Class. Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Class.

33. Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

34. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims. Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones as Gap did not attempt to obtain consent required by the TCPA prior to placing the calls.

35. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I – VIOLATIONS OF THE TCPA

36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37. Plaintiff brings this claim on behalf of herself and the Class.

38. Gap made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

39. Gap has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice."

40. Each of the aforementioned calls by Gap constitutes a violation of the TCPA.

41. Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

43. Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;
- Defendant used an autodialer to call cellular telephones; and
- Defendant placed calls to the Plaintiff and the Class without prior express

consent.

## COUNT II – WILLFUL VIOLATIONS OF THE TCPA

44. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45. Plaintiff brings this claim on behalf of herself and the Class.

46. Gap made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

47. Gap has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

48. Each of the aforementioned calls by Gap constitutes a willful violation of the TCPA.

49. Plaintiff and Class members are entitled to an award of up to $1,500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

50. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

51. Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully used an autodialer on calls to Plaintiff and the Class;

- Defendant willfully disregarded non-customer consumers' requests to cease calling;
- It is Defendant's practice and history to place automated telephone calls to consumers without their prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

B. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C. Declaratory relief as prayed for herein;

E. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on issues so triable.

Dated: January 25, 2017                                   Respectfully submitted,

                                                By:   */s/ Sergei Lemberg*
                                                      Sergei Lemberg
                                                      LEMBERG LAW, LLC
                                                      43 Danbury Road
                                                      Wilton, CT 06897
                                                      Telephone: (203) 653-2250
                                                      Facsimile:   (203) 653-3424
                                                      *Attorneys for Plaintiff*